IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD E. SHREVES,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID WILLIAM HARRIS, et al.,<br><br>Defendants. | Cause No. CV 18-97-H-DLC-JTJ<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Shreves filed this case in October 2018, alleging various violations of his civil rights at Montana State Prison. Shreves is proceeding pro se.

On April 29, 2020, the Court issued an order governing discovery and scheduling through the dispositive motions phase of the case. *See* Scheduling Order (Doc. 48). Thereafter, the parties filed disclosure statements (Docs. 50, 52).

Several motions are pending.

**1. Motion re: Discovery and Scheduling**

On June 30, 2020, Shreves moved to amend the Scheduling Order by permitting him to serve more than 25 interrogatories on six defendants, by granting him leave to depose witnesses and parties and providing instructions on how to do so, and by extending the time to amend the pleadings, respond to discovery

1

requests, and complete discovery.  *See* Pl. Mot. for Leave (Doc. 53) at 1.

Defendants appear to agree to Shreves' proposals, but they do not mention amendments to the pleadings.  Shreves does not explain why he needs additional time to add claims or defendants.  He filed this action nearly two years ago and has had the Defendants' initial disclosure statement for well over 60 days.  Additional time to amend, *see* Scheduling Order (Doc. 48) at 7 ¶ 1, is not warranted.

The Court will not instruct the parties on how to handle depositions.  It will not select someone to do it for them.  The press of time as well as cost and, now, COVID-19 are constraining factors in all litigation.  Imprisonment is a constraining factor in all prisoner litigation.  Other litigating parties find ways to make it work.  Neither party has explained why this litigation is exceptional.

**2. Excess Pages**

On July 28, 2020, Defendants moved for leave to file excess pages in a brief in support of a motion for summary judgment or for leave to file two separate briefs.  *See* Defs. Mot. for Leave (Doc. 61) at 1–2; *see also* D. Mont. L.R. 7.1(d)(2)(D).  Shreves opposes the motion on the grounds that excess pages will allow Defendants to file "distracting, multiple briefs, early in the litigation."  Resp. to Mot. (Doc. 65) at 3.

The Court is inclined to grant leave to file two briefs addressing two distinct

groups of claims and issues, as Defendants suggest. But it will not do so in the abstract. Defendants must do what they believe best, present it in the most concise form they can devise, permit Shreves to see what they have done and why, and then, if necessary, let the Court decide whether to allow a departure from the rule.

### 3. Motion for Leave to Amend Answer
### Motion to Deem Paragraphs of Complaint Admitted

Defendants seek leave to amend their answer to correct statements of fact in paragraphs 106, 108, and 251. They now believe their previous statements of fact to be incorrect. *See* Br. in Supp. (Doc. 67) at 3–4. In response to the motion, Shreves moved the Court to deem several paragraphs of the Complaint admitted. *See* Mot. to Deem (Doc. 70); Br. in Supp. and Resp. to Defs. (Doc. 71).

The pleadings set forth claims and defenses and identify areas of dispute. As of the date of its filing, the answer served its purpose of alerting Shreves to defenses and areas of dispute he should prepare to address. Neither the 88-page complaint (this number excludes the attached exhibits) nor the 53-page answer are intended to be perpetually accurate statements of each party's version of the facts and legal theory of the case.

The pleadings are closed, and the deadline to amend them has passed. The case has moved on to discovery. Discovery frequently turns up facts not previously known or understood. Sitting down to write a brief frequently

demonstrates that a claim or defense asserted in a pleading actually lacks merit. It is not necessary for the Court to entertain a motion to amend the pleadings or deem paragraphs of the complaint admitted every time something of that nature occurs.

If and when the time arrives for the parties to submit a proposed final pretrial order, they may revisit the positions they took in the pleadings in light of what they learned in discovery and as a result of further analysis. In the meantime, if Shreves wants to ask the defendants to admit certain things are true, the Federal Rules of Civil Procedure provide the means to do so. *See* Fed. R. Civ. P. 36.

Because denial of a motion to amend is a dispositive order, the Court is obliged to issue Findings and Recommendation for review by Judge Christensen.

**4. Motion for Subpoena**

Shreves moves the Court to issue a subpoena to the Montana Public Safety Officer Standards and Training Council or, more precisely, its Executive Director, Perry Johnson. *See* Br. in Supp. (Doc. 64) at 1. He represents that he anticipated Defendants would produce this information but they have not done so. *See id*. at 2.

Defendants did not respond to Shreves' motion. It will be granted. Shreves must amend his proposed subpoena to direct it to Johnson as Executive Director and to provide the correct case number, CV 18-97-H-DLC-JTJ. He must also specify that the response must be clearly marked as mail to be opened only in

4

Shreves' presence. The box for date and time of compliance must be left blank. The Court will not specify a time but will set a deadline for compliance that is 28 days from the date the subpoena issues.

## 5. Motion for Preliminary Injunction

On August 19, 2020, Shreves moved the Court, for the second time, for a preliminary injunction directing Defendants not to retaliate against him for litigating this matter. He explains that a staff member in the library permitted him to speak on the telephone last fall with a member of this Court's clerk's office staff. That evening, October 29, 2019, Shreves filled out a kite about a document. He did not receive a response until August 18, 2020, when Defendant Zuber told him his name was being placed in the warning log because he used the phone in violation of policy. *See* Shreves Aff. (Doc. 69-1) at 1–3.

Shreves asks the Court to enjoin Defendant Zuber from "having anything to do with Shreves's legal work, library materials, or any other aspect of interactions with him until this action is fully and finally litigated." Br. in Supp. (Doc. 69) at 5.

The United States Constitution prohibits Defendants from retaliating against Plaintiff. The Court need not add to the highest law in the land and should not interfere in or police prison officials' ongoing, challenging tasks at Montana State Prison. Provided Shreves gives defense counsel prompt notice of incidents of this

nature, he will preserve his opportunity to use them as evidence in support of his claims or as grounds to try additional claims. *See* Fed. R. Civ. P. 15(b). Their appropriate treatment will be decided at the point dispositive motions are filed or in discussion of the proposed final pretrial order.

Based on the foregoing, the Court enters the following:

### ORDER

1. Plaintiff's motion to amend the Scheduling Order (Doc. 53) is:

   a. **GRANTED** as to certain interrogatories, so that Shreves may serve up to 35 interrogatories on each of Defendants Bostwick, Cobban, Conell, Wodnik, Wood, and Wendy Zuber;

   b. **GRANTED** as to extension of the deadlines to the following:

   | | |
   |---|---|
   | Service of All Discovery Requests | **November 2, 2020** |
   | Service of All Discovery Responses | **January 8, 2021** |
   | Filing of Pretrial Motions | **February 8, 2021** |
   | Filing of Proposed Final Pretrial Order (if no pretrial motion is filed) | **March 12, 2021** |

   c. **DENIED** in all other respects.

2. All other terms and provisions of the Scheduling Order of April 29, 2020 (Doc. 48), remain in effect.

3. Defendants' motion for leave to file serial summary judgment briefs or

excess pages (Doc. 61) is **DENIED**, subject to renewal when appropriate.

4. Plaintiff's motion for subpoena (Doc. 63) is **GRANTED**.  Plaintiff must submit another subpoena with the corrections noted above.

5. Plaintiff's motion to deem paragraphs of the complaint admitted (Doc. 70) is **DENIED**.

The Court also enters the following:

## RECOMMENDATION

1. The District Court should **DENY** Defendants' motion to amend their answer (Doc. 66).

2. The District Court should **DENY** Plaintiff's motion for preliminary injunction (Doc. 68).

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days.  *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

Shreves must immediately advise the Court of any change in his mailing address.  Failure to do so may result in dismissal of the action without notice to him.

DATED this 25th day of August, 2020.

                                          */s/ John Johnston*
                                          John Johnston
                                          United States Magistrate Judge