IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD E. SHREVES, | CV 18–97–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| DAVID WILLIAM HARRIS, et al., | |
| Defendants. | |

On August 25, 2020, United States Magistrate Judge John Johnston entered an Order and Findings and Recommendations recommending that the Court deny Defendants' motion to amend their answer and Plaintiff's motion for preliminary injunction. (Doc. 72 at 7.) Judge Johnston granted in part and denied in part Plaintiff's motion to amend the scheduling order, denied Defendants' motion for leave to file serial summary judgment briefs or excess pages, granted Plaintiff's motion for subpoena, and denied Plaintiff's motion to deem paragraphs of the complaint admitted. (*Id.* at 6–7.)

Plaintiff Richard E. Shreves timely objects to each recommendation and ruling adverse to him. (Doc. 75.) A party is entitled to de novo review of the findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003);

1

*Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error applies to the Magistrate Judge's rulings. 28 U.S.C. § 636(b)(1)(A). Clear error occurs when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

### I. Objection #1: Recommendation to Deny Preliminary Injunction

In his motion for an injunction, Shreves seeks a court order to enjoin Defendant Zuber from "having anything to do with Shreve's legal work, library materials, or any other aspect of interactions with him until this action is fully and finally litigated." (Doc. 69 at 5.) Judge Johnston determined that Shreves had not met the high standard necessary for the Court to issue a preliminary injunction. (Doc. 72 at 5 (stating "[t]he United States Constitution prohibits Defendants from retaliating against Plaintiff. The Court need not add to the highest law in the land and should not interfere in or police prison officials' ongoing, challenging tasks at Montana State Prison.").

Reviewing de novo, the Court agrees that Shreves' complaints about Defendant Zuber do not rise to the level necessary for the Court to enter an injunction. To obtain preliminary injunctive relief, a plaintiff must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their

favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Shreves alleges that an injunction is necessary because Zuber, who is affiliated with the prison library: (1) waited ten months to initiate disciplinary action against him when he had done nothing wrong in speaking with a clerk of this Court about a concern related to filing his papers; and (2) expelled him from the prison library early on two occasions in punishment for grievances filed against her. (Docs. 75 at 2–4; 69 at 1–2.) He asserts that an order requiring her to stay away from this case is particularly necessary given the Court's denial of his request to file via U.S. mail as this puts her in continued contact with his legal filings. (*Id.*)

Despite the seriousness of Shreves' allegations that Zuber's retaliation against him continues to this day, the Court cannot grant a preliminary injunction where Shreves has not alleged that Zuber's actions had any chilling effect on his First Amendment rights. The standard for an injunction requires the Court to determine that absent an injunction, the moving party will suffer irreparable harm. *Id.* Although Shreves indicates that Zuber's actions have cause him anxiety (Doc. 69 at 4), he has not demonstrated that an injunction is necessary for his continued participation in this litigation or any other exercise of his First Amendment rights. To the contrary, Shreves has demonstrated himself to be a tenacious and tireless litigant. Having found no imminent harm, the Court need not address the

3

remaining factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc).

Although Shreves has not satisfied the standard for obtaining injunctive relief, the Court will reiterate Judge Johnston's advisement to him: the incidents Shreves complains about are not irrelevant. "Provided he gives defense counsel prompt notice of the incidents," his allegations against Zuber may be used at trial to support his retaliation claims. (*See* Doc. 72 at 5–6.)

## II.  Objection #2: Leave to Amend

Judge Johnston denied Shreves' request for leave to amend upon determining that Shreves did not provide any explanation for why he needed additional times to add claims or defendants. (Doc. 72 at 2.) Shreves now explains that he has a new claim and party that relate to his retaliation and supervisory liability theories but that he could not amend his complaint until he exhausted his administrative remedies. (Doc. 75 at 7–9.) Unfortunately, the time to provide this explanation was in his June 30, 2020 filing. (Doc. 53.) The close of discovery is quickly approaching (*see* Doc. 48) and the Court must exercise its discretion to deny Shreves' request in furtherance of managing its docket. *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). No extension of the deadline to amend the pleadings will be granted.

### III.  Objection #3: Depositions

Judge Johnston denied Shreve's request for guidance in taking depositions. (Doc. 72 at 2.)  Shreves does not object to this conclusion per se, but simply reiterates that any help the Court can provide would be appreciated.  (Doc. 75 at 9.)  Unfortunately, the Court cannot aid parties in litigating their case.

### IV.  Objection #4: Motion for Defendants to Admit Paragraphs

Judge Johnston denied Shreves' request to deem several paragraphs of the Complaint admitted.  (Doc. 72 at 3.)  He also denied Defendants request for an extension to allow them to correct some of their answers.  (*Id.*)  Defendants do not object and so the Court will review this decision for clear error as well.  In denying both requests, Judge Johnston concluded that the pleadings had sufficiently identified the areas in dispute and it was time for the case to move forward.  (*Id.*)  The Court agrees.  This decision was not clear error.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 72) is ADOPTED in full.

1. The Court DENIES Defendants' motion to amend their answer (Doc. 66.)

2. The Court DENIES Plaintiff's motion for preliminary injunction (Doc. 68.)

DATED this 15th day of October, 2020.

_____

Dana L. Christensen, District Judge
United States District Court

6